**Mehmet Kareman BALA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,\* Respondent.**

No. 03–4044.

United States Court of Appeals, Second Circuit.

Feb. 14, 2006.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Geoffrey M. Stone, Assistant United States Attorney, District of Connecticut (William J. Nardini, Assistant United States Attorney on the brief) for Kevin J. O'Connor, United States Attorney, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**AND DECREED** that the petition for review be **DENIED.**

Petitioner Mehmet Kareman Bala, a citizen of Albania, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on December 13, 2002, affirming without opinion a January 26, 2001 oral decision of the Immigration Judge ("IJ"), which denied Bala's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where, as here, the BIA affirms without opinion, we review the IJ's decision. *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). The IJ found Bala credible, but denied asylum relief because he failed to prove that he suffered past persecution or that he had a well-founded fear of future persecution if returned to Albania, and relied on the same rationale to deny withholding and CAT relief. We review the IJ's factual findings for substantial evidence, and will reverse only if a reasonable fact-finder would be compelled to disagree. *See id.; Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004). By contrast, we defer to the agency's construction of a statutory term if it is based on a "permissible construction" of the Immigration and Nationality Act. *See Damko v. INS,* 430 F.3d 626, 632 (2d Cir.2005) (*citing Chevron U.S.A., Inc. v. NRDC,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

1. The IJ found that Bala's internment in a labor camp during the 1950's constituted past persecution, but that the internment does not support a well-founded fear of future persecution. That ruling is supported by substantial evidence. The IJ reasonably found that the fall of Communism in Albania was a "fundamental change of circumstances such that [Bala] no longer has a well-founded fear of future persecution." 8 C.F.R. § 1208.13(b)(i)(1)(A).

2. The finding that Bala otherwise failed to prove past persecution is based on a permissible construction of the INA. For instance, the IJ did not impermissibly construe the INA in finding that anonymous threatening phone calls and letters Bala received before leaving Albania (on account of his involvement with the Democratic Party) do not constitute persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (persecution "must rise above mere harassment" (internal citation omitted)); *Vatulev v. Ashcroft,* 354 F.3d 1207, 1210 (10th Cir.2003) ("'[O]nly rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution....'").

The same applies to Bala's termination from his government job (and subsequent inability to find stable work) after the Socialist Party prevailed in Albania's 1997 elections. *See Damko,* 430 F.3d at 633–34 (recognizing BIA's limitation of "economic persecution" to "economic deprivation or restrictions so severe that they constitute a threat to an individual's life or freedom" as permissible construction of the INA); *Woldemeskel v. INS,* 257 F.3d 1185, 1191 (10th Cir.2001) (termination of employment or fear of unemployment does not constitute persecution); *see also Guan Shan Liao v. DOJ,* 293 F.3d 61, 70 (2d Cir.2002) (petitioner must show that economic deprivation constitutes "deliberate imposition of substantial economic disadvantage" (internal citation omitted)).

Even if all the incidents recounted by Bala *could* constitute past persecution, the IJ did not impermissibly construe the INA in ruling otherwise. *See Damko,* 430 F.3d at 632 (granting *Chevron* deference to

BIA's construction of "economic persecution" as applied to specific facts).[1]

3. The IJ also considered whether Bala could establish a well-founded fear of future persecution without proving past persecution. Specifically, after reviewing the State Department's Profile on Albania, the IJ concluded that there was insufficient evidence to establish that violence against Democratic Party members "is widespread and [that Bala] himself would be targeted." A reasonable fact-finder could make this finding.

For these reasons, the IJ did not err in denying Bala's asylum and withholding of removal claims.

4. We lack jurisdiction to consider Bala's CAT claim because he failed to raise it on appeal to the BIA. *See Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (failure to exhaust administrative remedies "constitutes a clear jurisdictional bar" (internal citation omitted)).

We have considered all of Bala's claims and found each of them to be without merit.

The petition for review is therefore **DENIED.** The pending motion for a stay of removal is also **DENIED.**

---

**1.** We note that the IJ did not individually analyze each instance of alleged persecution that Bala claims on appeal. However, the IJ discussed these incidents in reviewing the facts of Bala's case, and we are convinced that no significant evidence was ignored. *Cf. Tian–Yong Chen,* 359 F.3d at 129–30 (remand where IJ and BIA committed fundamental error in ignoring significant testimony).